**IN THE WESTERN DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| RHONDA J. LEWALLEN | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | No. 05-6095-CV-SJ-FJG |
| | ) | |
| v. | ) | |
| | ) | |
| GREEN TREE SERVICING, L.L.C. | ) | |
| and | ) | |
| U.S. BANK TRUST NATIONAL ASSN. | ) | |
| | ) | |
| Defendants-Appellants. | | |

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION, CASE NO. 05-5013-JWV
HONORABLE JERRY W. VENTERS, JUDGE

ORDER

**I. BACKGROUND**

Plaintiff Rhonda Lewallen brought an adversary proceeding against defendant-appellants, Green Tree Servicing, L.L.C. and U.S. Bank Trust National Association to object to a secured claim filed by Green Tree in the underlying bankruptcy action and to assert affirmative claims against the defendants for violations of the Real Estate Settlement Procedures Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act and the Missouri Merchandising Practices Act. Plaintiffs alleges that this is a core proceeding under 28 U.S.C. § 157(b)(2)(B),(C) and (K).

On May 25, 2000, Rhonda Lewallen entered into a consumer credit transaction with Conseco Finance Servicing Corporation. She executed a promissory note

agreeing to pay $50,300 to Conseco which note was secured by a Deed of Trust on her home.  The promissory note which plaintiff signed contained a binding arbitration clause. The loan was for personal, family or household purposes.  After the loan was originated, Conseco pooled Ms. Lewallen's loan and deed of trust with other consumer loans and transferred its interests to a securitization trust.  U.S. Bank took legal title to the pooled loans as trustee pursuant to a pooling and servicing agreement entered into between U.S. Bank and Conseco.  Conseco retained servicing rights with respect to said loans.  In December 2002, Conseco filed a Chapter 11 bankruptcy and on or about June 23, 2003, under the bankruptcy approved asset sale, Green Tree purchased the servicing rights to the Loan from the bankruptcy estate.  The loan was in default at the time of the purchase of the servicing rights by Green Tree.  From 2001 until 2004, plaintiff attempted to contact Conseco and Green Tree in an attempt to reach a resolution as to what was owed on her account. On February 23, 2004, Ms. Lewallen filed bankruptcy seeking relief under Chapter 13 to stop the foreclosure sale of her home.  Green Tree filed Proof of Claim No. 2 in her bankruptcy case on March 16, 2004, representing that it was the creditor with respect to this debt.  On July 28, 2004, Green Tree filed an Amended Proof of Claim, representing that Green Tree Financial Servicing L.L.C., not Green Tree Servicing L.L.C. was the creditor.  On May 24, 2005, Lewallen filed an adversary complaint in her bankruptcy against Green Tree Servicing L.L.C. and U.S. Bank Trust National Association, alleging that they violated the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act and the Missouri Merchandising Practices Act by sending inaccurate, inconsistent and confusing demand letters and billing statements, failing to respond to written requests and other

matters relating to the promissory note. In her Amended Complaint, plaintiff asserts that Green Tree was acting as the agent of U.S. Bank and that Green Tree's actions and omissions committed in connection with her loan account and bankruptcy case were within the course and scope of its agency and in furtherance of the business interests of U.S. Bank. In response to plaintiff's Complaint defendants filed a Motion to Dismiss or in the Alternative to Compel Arbitration. On August 23, 2005, the Bankruptcy Court conducted a non evidentiary telephonic hearing on the Motion to Dismiss. During the hearing the Court denied defendants' motion and stayed all proceedings. Defendants then filed the instant appeal.

## II. STANDARD

Defendants state that a trial court's denial of a motion to compel arbitration is reviewed de novo by an appellate court. Plaintiff disagrees and states that "[a]n appellate court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error." In re Richards & Conover Steel Co., 267 B.R. 602, 608 (8th Cir. B.A.P. 2001). "A finding of fact is clearly erroneous when although there is evidence to support it . . . the reviewing court is left with a firm and definite conviction that a mistake has been committed." In re Neal, No. 05-1297-CV-W-SOW, 2006 WL 522439 *3 (W.D.Mo. Mar. 2, 2006)(internal citations and quotations omitted). In MBNA America Bank, N.A. v. Hill, 436 F.3d 104, 107 (2d Cir. 2006), the Court observed: "[t]he bankruptcy court's conclusions with respect to enforcement of the arbitration clause raise mixed questions of law and fact. We review the bankruptcy court's factual determinations for clear error and its legal conclusions de novo." The Court noted that "[i]f the bankruptcy court 'has properly considered the conflicting policies in accordance

3

with law, we acknowledge its exercise of discretion and show due deference to its determination that arbitration will seriously jeopardize a particular core bankruptcy proceedings.'" Id. at 107 citing In re U.S. Lines, Inc., 197 F.3d 631, 640-41 (2d Cir. 1999). The Court agrees that this is the appropriate standard of review to apply.

## III. DISCUSSION

### A. Miscellaneous Motions

Defendants have filed a Motion to Strike Portions of the Record Designated by Plaintiff for Purposes of Appeal (Doc. # 11). Defendants state that plaintiff has designated its Answer to Complaint (Doc. # 37) and Defendants' Answer to Amended Complaint (Doc. # 38). Defendants state that neither of the Answers cited by plaintiff were drafted or filed at the time of the Bankruptcy Court's ruling. Additionally, defendants state that the Court granted them leave to filed an Amended Answer which was not cited by plaintiff and supercedes the original answer. Defendants also complain that the plaintiff designated several of the parties' discovery requests. Defendants object to the discovery because it was not filed or before the Bankruptcy Court at the time of its ruling. Plaintiff states that Rule 8006 provides that the record on appeal shall include the items designated by the parties. Plaintiff states that this rule is given liberal construction and even documents not considered by the Bankruptcy Court can be included in the record on appeal so long as the appellate court is informed that such materials were not considered by the bankruptcy court. With regard to the discovery, the Court finds that it is proper for plaintiff to designate these requests. She states that the purpose is to show the actions of the parties, which goes to the issue of

4

waiver.  Additionally, the Court notes that Judge Venters referred to the fact that there had been extensive discovery during the hearing.  Additionally, the Court finds that it is appropriate to designate defendant's answers to the Complaint.  Accordingly, the Court hereby **DENIES** defendants' Motion to Strike Portions of the Record Designated by Plaintiff (Doc. # 11).

Defendants also filed a Motion to Strike Appellee's Amended Counter Designations of Record (Doc. # 18).  Defendants state that most of the discovery which plaintiff seeks to designate as part of the record on appeal was not part of the adversary proceeding and was not prepared by Defendants, but by plaintiff.  Additionally, defendants state that the Bankruptcy Court did not have a copy of the discovery at the time of the ruling.  Plaintiff responds that this discovery should be included in the record because it was filed in the underlying bankruptcy and adversary proceedings pending before the Bankruptcy Court.  Plaintiff states that one of the issues in this case is whether the defendants waived their right to arbitrate.  The fact that there were pending discovery requests by the parties was clearly before the Bankruptcy Court.  Additionally, plaintiff states that Judge Venters specifically referred to the pending discovery requests during the hearing. Plaintiff states that she has designated the actual discovery requests served by the parties to afford the Court a full and complete understanding of the extensive nature of the discovery conducted by the parties. She states that they are not included in the record in order to provide any substantive evidence.  The Court finds that plaintiff properly designated the discovery requests as part of the record.  Therefore, the Court will **DENY** Defendants' Motion to Strike Appellee's Amended

5

Counter Designations (Doc.# 18).

Defendants filed a Motion to Supplement their Authorities (Doc. # 24). In their Motion to Supplement, defendants attach a letter in which they outline two additional cases for the Court's consideration. Plaintiff opposes the motion arguing that one case does not stand for the proposition cited and that a motion for reconsideration has been filed in the other case. The Court finds it appropriate to consider these authorities and can make an independent determination as to the import of these cases. Accordingly, Defendants' Motion to Supplement Authorities is hereby **GRANTED** (Doc. # 24).

**B. The Bankruptcy Court's Ruling**

On August 23, 2005, the Bankruptcy Court denied defendant's Motion to Dismiss or to Compel Arbitration. The Court did not issue a written opinion, but rather made a ruling on the record. The parties designated the August 23, 2005 transcript as part of the record on appeal and this Court has reviewed the transcript.

During the August 23, 2005 hearing, Judge Venters states that the defendants waived their claim to arbitrate by participating in the action and also by filing extensive discovery requests. He also stated:

> I believe that this all arose out of the objection to the claim. And it was perhaps your suggestion, I believe, that the matter ought to be an adversary proceeding. And then the adversary proceeding went forward and you served extensive discovery, it appears from the papers. And so I think you waived any claim to arbitration. And another factor that weighs heavily is, of course, the parties and the positions of the parties, the sophistication of the parties here, I think it would be inequitable to at this stage push this over to arbitration where it would be a great disadvantage to the debtor. And Bankruptcy Courts are here to take care of claims like this.

(Aug. 23, 2005 Transcript, p. 8).

### C. Statement of the Issue

Whether the Bankruptcy Court erred in denying Appellant's Motion to Dismiss or in the Alternative to Compel Arbitration, because arbitration of plaintiff Rhonda Lewallen's claims is mandated in that there is a binding arbitration provision in the Retail Installment Contract executed by Rhonda Lewallen.

### D. The Parties' Arguments

Defendants state first that federal law favors arbitration and that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Additionally, they state that a bankruptcy court should have given effect to the arbitration clause as this was a non-core proceeding. Finally, defendants argue that the Court erred in determining that they had waived their right to arbitrate. They state that this is an issue for the arbitrator to decide, not the Court.

Plaintiff argues that this is a core proceeding and the Bankruptcy Court had discretion to hear the matter. Plaintiff further argues that the Bankruptcy Court did not abuse its discretion in deciding not to require binding arbitration. Finally, plaintiff argues that the evidence supports the Bankruptcy Court's finding that defendants waived their right to arbitrate.

### E. Was Plaintiff's Adversary Claim a Core or Non-Core Proceeding?

In MBNA America Bank , No. 04-2086, 2006 WL 172213, (2d Cir. Jan. 25, 2006), the Court stated:

> Disputes that involve both the Bankruptcy Code and the Arbitration Act often present conflicts of near polar extremes: bankruptcy policy exerts an inexorable pull towards centralization while arbitration policy advocates a decentralized approach toward dispute resolution.

7

Id. 436 F.3d at 108 (internal quotations and citations omitted). In the case In re American Energy Trading Inc., 291 B.R. 159 (Bankr. W.D.Mo. 2003), the Court explained the distinction between core and non-core proceedings:

> The Eighth Circuit has explained this jurisdictional scheme in several cases, stating that there are two types of adversary proceedings over which the bankruptcy court has jurisdiction: (1) core proceedings and (2) non-core, related proceedings. Abramowitz v. Palmer, 999 F.2d 1274, 1277-78 (8th Cir. 1993). Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. Speciality Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773-74 (8th Cir. 1995)(citations omitted). Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy case, although they may be related to a bankruptcy case. Id.

Id. at 167.

In the instant case, plaintiff alleges that this is a core proceeding because it fits within the description of core proceedings provided in 28 U.S.C. § 157(b)(2)(A), (B), (C) and (K). That statute states in part:

Core proceedings include, but are not limited to -

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(K) determination of the validity, extent, or priority of liens.

Defendants argue that this case involves a non-core proceeding because plaintiff alleged that they violated RESPA, FDCA, FCRA and Missouri Merchandising Practices

Act. Defendants state that these claims do not invoke a substantive right created by federal bankruptcy law and they could exist outside of a bankruptcy context.

Plaintiff argues that the claims set forth in her adversary proceeding are inextricably tied to Green Tree's Amended Proof of Claim and thus the Chapter 13 bankruptcy. She states that the claim filed by Green Tree relates to the existence or enforceability of the single largest debt of the estate and the resolution of this matter is absolutely essential to the successful completion of her Plan and will determine if she will be able to retain her home and will affect how creditors will be provided for under the Plan. Plaintiff argues that referring this matter to arbitration would be inconsistent with the purpose of the Bankruptcy Code.

In In re Brown, 311 B.R. 702 (Bankr. E.D.Pa. 2004), the Court examined a case with very similar facts to the instant action. In that case the Chapter 13 debtors brought an adversary proceeding against the lender, mortgage broker, bank that acquired the mortgage loan, loan servicer and the home improvement contractor alleging violations of state and federal consumer protection laws. The lender moved to stay the proceedings and to compel arbitration. The Court in that case determined that the debtor's claims against Wells Fargo, their current mortgagee, were core proceedings. The Court noted that Wells Fargo had filed a proof of claim in the bankruptcy case. If Wells Fargo was the party seeking enforcement of the arbitration clause, the Court stated that it would have discretion to deny the demand. However, the Court noted that it was Delta Funding Corporation, the lender who was seeking enforcement of the arbitration claim. The Court noted that Delta had not filed a proof of claim in the bankruptcy case. Thus, the Court determined that "bankruptcy claims process is not implicated here. All of the claims

9

against Delta arise under non-bankuptcy law and are properly viewed as related to the bankruptcy case but *not core.*" Id. at 711 (emphasis added). The Court in that case separated out claims against Delta which were subject to arbitration from the remaining claims against the other defendants.

In the instant case, Green Tree filed a proof of claim in plaintiff's underlying bankruptcy action. Even though U.S. Bank did not file a separate proof of claim in plaintiff's underlying bankruptcy action, plaintiff has alleged that Green Tree was acting as U.S. Bank's agent and that the actions taken by Green Tree were in the course and scope of its agency and in furtherance of the business interests of U.S. Bank. (Plaintiff's Amended Complaint ¶ 8). Defendants in their Amended Answer admit that Green Tree was acting as U.S. Bank's agent. (Defendants' Amended Answer, ¶ 8)(Doc. # 39). Therefore, the Court finds that this is a core proceeding. See also In re Farmland, 309 B.R. 14 (Bankr. W.D.Mo. 2004)(objection to proof of claim was core proceeding in bankruptcy).

### F. Did the Bankruptcy Court Have Discretion To Deny The Motion to Compel Arbitration?

In MBNA, 436 F.3d 104, the Court explained under what circumstances a bankruptcy court has discretion to deny a motion to compel arbitration:

> Bankruptcy courts generally do not have discretion to refuse to compel arbitration of "non-core" bankruptcy matters, or matters that are simply "related to" bankruptcy cases. . . . As to these matters, the presumption in favor of arbitration usually trumps the lesser interest of bankruptcy courts in adjudicating non-core proceedings. . . . Bankruptcy courts are more likely to have discretion to refuse to compel arbitration of core bankruptcy matters, which implicate "more pressing bankruptcy proceedings" . . . However, even as to core proceedings, the bankruptcy court will not have discretion to override an arbitration agreement unless it finds that the proceedings are based on provisions of the Bankruptcy Code that

10

"inherently conflict" with the Arbitration Act or that arbitration of the claim would "necessarily jeopardize" the objectives of the Bankruptcy Code. . . . This determination requires a particularized inquiry into the nature of the claim and the facts of the specific bankruptcy. The objectives of the Bankruptcy Code relevant to this inquiry include: "the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders." . . . If a severe conflict is found, then the court can properly conclude that, with respect to the particular Code provision involved, Congress intended to override the Arbitration Act's general policy favoring the enforcement of arbitration agreements.

Id. at 108 (internal citations omitted).

In the instant case, the Court finds that Judge Venters properly made this determination. He stated: "[a]nd another factor that weighs heavily is, of course, the parties and the positions of the parties, the sophistication of the parties here, I think it would be inequitable to at this stage push this over to arbitration where it would be a great disadvantage to the debtor. And Bankruptcy Courts are here to take care of claims disputes like this." (August 23, 2005 Transcript, p. 8). As the Court in MBNA, observed, "[i]f the bankruptcy court has properly considered the conflicting policies in accordance with law, we acknowledge its exercise of discretion and show due deference to its determination that arbitration will seriously jeopardize a particular core bankruptcy proceeding." Id. at 107 (internal citations and quotations omitted). The Court finds that Judge Venters properly considered the conflicting policies and determined that granting the defendants' Motion to Compel Arbitration in this instance would seriously jeopardize the core bankruptcy proceedings. Therefore, the Court finds that Judge Venters correctly determined that he had discretion to deny the Motion to Compel Arbitration and finds that he properly exercised this discretion.

11

**G. Did The Bankruptcy Court Correctly Determine That the Defendants Waived Their Right to Arbitrate?**

During the telephone conference with counsel Judge Venters stated:

> I think you waived it basically by participating in the action and by filing extensive discovery requests, et. cetera, and this went on for some time. I believe that this all arose out of the objection to the claim. And it was perhaps your suggestion, I believe, that the matter ought to be an adversary proceeding. And then the adversary proceeding went forward and you served extensive discovery, it appears from the papers. And so I think you waived any claim to arbitration.

(August 23, 2005 Transcript, p. 8).

Plaintiff states that the defendants' filing of two proofs of claim, extensive pretrial discovery, participation in six pretrial hearings and failure to request arbitration in a timely manner demonstrate that they waived their right to arbitrate. Defendants argue that Judge Venter's holding is erroneous because their initial and timely response to the Complaint was the Motion to Dismiss or Alternatively to Compel Arbitration. Defendants also state that the question of whether waiver occurred involves issues of procedural arbitrability and is a matter for the arbitrator, not the judge. In support of this assertion defendants cite to <u>Pro Tech Industries Inc. v. URS Corp.</u>, 377 F.3d 868, 873 (8th Cir. 2004).

The Court disagrees that waiver is a matter to be determined by the arbitrator. In <u>N&D Fashions, Inc. v. DHJ Industries, Inc.</u>, 548 F.2d 722 (8th Cir. 1976), the Court stated:

> The basis of the waiver claim here is unclear, because "waiver" in the present context can have two distinct meanings. First, "waiver" can mean that the party proceeding with such arbitration under § 3 is . . . in default in proceeding with such arbitration, and so under the terms of the Arbitration Act is not entitled to a stay. This a question for determination by the courts. . . . A default occurs when a party actively participates in a lawsuit or takes

> other action inconsistent with the right to arbitration. . . . Here DHJ demanded arbitration and moved for a stay immediately upon the filing of the complaint; plainly, it took no action inconsistent with the right to arbitration. . . . There has been no waiver in this sense. Alternatively, "waiver" can be used in the sense of "laches" or "estoppel." In this sense, waiver applies to bar arbitration when the process would be inequitable to one party because relevant evidence has been lost due to the delay of the other. . . . Waiver in this "laches" sense is generally an issue for the arbitrator, and we leave it to the arbitrator here.

Id. at 728-29 (internal citations and quotations omitted). See also In re Hart Ski Mfg. Co., 18 B.R. 154 (Bankr. D.Minn.1982)("[i]n the context with which we are concerned, a default results in a waiver. Whether or not a technical default is of sufficient magnitude to constitute a waiver is a question for the Court. . . .Pure waiver, which connotes laches or estoppel, is generally an issue for the arbitrator to determine.")(internal citations omitted). Thus, the Court believes that the defendants misunderstood the context in which the bankruptcy court is entitled to determine waiver. The Court finds that the bankruptcy court was clearly entitled to determine whether defendants had taken any actions which were inconsistent with their right to arbitrate the claim in this instance.

"Waiver is a question of fact where different inferences may be drawn." In re Enggren's Enterprises, Inc., 253 B.R. 431, 434 (8th Cir. B.A.P. 2000). As noted above, the bankruptcy court's conclusions of fact are reviewed for clear error. In the instant case, the Court does not find that the Bankruptcy Court's determinations regarding waiver were clearly erroneous. Judge Venters noted that the defendants had served extensive discovery requests both in the underlying action and also in the adversary action. This is supported by the record on appeal. As plaintiff notes, participation in extensive pre-trial discovery and the filing of substantive motions has been held to be a waiver by the party of their right to arbitrate. PPG Industries, Inc. v. Webster Auto Parts

13

Inc., 128 F.3d 103 (2d Cir. 1997). Plaintiff notes that in the instant case, defendants filed their first Proof of Claim on May 16, 2004, but then for sixteen months after filing the initial proof of claim, did not raise the question of arbitration. In the adversary proceeding, plaintiff states that both parties served extensive discovery. The discovery served by the defendants consisted of 17 interrogatories, with 58 subparts and 20 requests for production. Additionally, plaintiff states that there were six hearings conducted by the Bankruptcy Court regarding Green Tree's proofs of claim prior to filing the motion to compel arbitration. Defendants argue that the plaintiff improperly referred to the parties' discovery requests and states that these are not part of the record. However, Judge Venters clearly referred to the discovery during the hearing. Therefore, the Court finds that it was not improper for the plaintiff to refer to them in her brief. The Court also finds that Judge Venter's determination that the defendant's waived their right to arbitrate was not clearly erroneous.

## IV. CONCLUSION

For the reasons stated above, the August 23, 2005 Order the United States Bankruptcy Court in Lewallen v. Green Tree Servicing, L.L.C. et al., Case No. 05-6095, Bankruptcy Case No. 05-5013, is hereby **AFFIRMED**.


Date: March 22, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge